1  **VALENTI LAW APC**
2  Matthew D. Valenti (SBN 253978)
   E-mail: mattvalenti@valentilawapc.com
3  5252 Balboa Avenue, Suite 700
   San Diego, California 92117
4  Phone: (619) 540-2189
5
6  Attorney for Ahmed Al-kubaisi
7
8
9                  UNITED STATES DISTRICT COURT
10               EASTERN DISTRICT OF CALIFORNIA
11
12  AHMED AL-KUBAISI,                    | Case No.:
13              Plaintiff,               |
14       vs.                            | COMPLAINT FOR:
15                                       |
16  A PLUS K; WILLETT LAND               | DENIAL OF CIVIL RIGHTS AND
    COMPANY, INC.; and DOES 1-10,        | ACCESS TO PUBLIC FACILITIES
17                                       | TO PHYSICALLY DISABLED
18              Defendants.              | PERSONS IN VIOLATION OF THE
                                         | AMERICANS WITH DISABILITIES
19                                       | ACT OF 1990, (42 U.S.C. §12101, *et*
                                         | *seq.*) AND THE UNRUH CIVIL
20                                       | RIGHTS ACT, (CALIFORNIA CIVIL
                                         | CODE §51, *et seq.*)
21                                       |
22                                       | DEMAND FOR JURY TRIAL
23
24
25
26
27
28

*"[T]he continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous."* 42 U.S.C. §12101(a)(8).

*"It is the policy of this state to encourage and enable individuals with a disability to participate fully in the social and economic life of the state ..."* California Government Code §19230(a).

Plaintiff AHMED AL-KUBAISI (hereinafter referred to as "Plaintiff") complains of A PLUS K, a California corporation dba BABYLON CITY MARKET; WILLETT LAND COMPANY, INC., a California corporation; and DOES 1-10, (each, individually a "Defendant" and collectively "Defendants") and alleges as follows:

## I.     PARTIES

1.     Plaintiff AHMED AL-KUBAISI is a California resident and a qualified physically disabled person. He has paraplegia and uses a wheelchair for mobility. Plaintiff prides himself on his independence and on empowering other disabled persons to be independent.

2.     Defendants A PLUS K, WILLETT LAND COMPANY, INC., and DOES 1-10 are and were the owners, operators, lessors and/or lessees of the subject business, property, and facility at all times relevant in this Complaint.

3.     Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to

1    amend when the true names, capacities, connections, and responsibilities of the
2    Defendants and Does 1 through 10, inclusive, are ascertained.

3    4.    Defendants own and owned the property located at 1745 Watt Ave,
4    Sacramento, CA 95825 ("Subject Property") at all relevant times.

5    5.    Defendants operate and operated a grocery store doing business as
6    BABYLON CITY MARKET ("grocery store"), located at the Subject Property, at
7    all relevant times.

8    6.    Plaintiff alleges that the Defendants have been and are the owners,
9    franchisees, lessees, general partners, limited partners, agents, trustees, employees,
10    subsidiaries, partner companies and/or joint ventures of each of the other
11    Defendants, and performed all acts and omissions stated herein within the course
12    and scope of such relationships causing the damages complained of herein.

## II.    JURISDICTION AND VENUE

13

14    7.    This Court has subject matter jurisdiction over this action pursuant to
15    28 U.S.C. §1331 and §1343(a)(3) and (a)(4) for violations of the Americans with
16    Disabilities Act of 1990, U.S.C. §12101, *et seq*.

17    8.    Pursuant to supplemental jurisdiction, an attendant and related cause
18    of action, arising out of the same nucleus of operative facts and arising out of the
19    same transactions, is also brought under California's Unruh Civil Rights Act,
20    which expressly incorporates the Americans with Disabilities Act.

21    9.    Venue is proper in this court pursuant to 28 U.S.C. U.S.C. §1391(b)
22    and is founded on the fact that the real property which is the subject of this action
23    is located in this district and that Plaintiff's causes of action arose in this district.

## III.    FACTS

24

25    10.    Plaintiff uses a wheelchair for mobility.

26    11.    Defendants' business is open to the public, a place of public
27    accommodation, and a business establishment.

28

1    12.    Plaintiff is a regular customer of BABYLON MARKET. It is a

2  specialty market and carries items he cannot easily obtain elsewhere. He goes to

3  the market about once a month. The receipts for four of his recent shopping trips

4  are shown in the photos below.





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16   13.    Unfortunately, during Plaintiff's visits, Defendants did not offer

17   persons with disabilities equivalent facilities, privileges, advantages, and

18   accommodations offered to other persons.

19   14.    Plaintiff encountered barriers that interfered with and denied Plaintiff

20   the ability to use and enjoy the goods, services, privileges, advantages, and

21   accommodations offered by Defendants at the Subject Property.

22   15.    These barriers violate one or more standards of the Americans with

23   Disabilities Act ("2010 ADA") and/or the California Building Codes ("2022

24   CBC").

25   16.    Parking for patrons visiting the Subject Property is among the

26   facilities, privileges, advantages, and accommodations offered by Defendants.

27   17.    According to the U.S. Department of Justice, "a public

28   accommodation's first priority should be to enable individuals with disabilities to

1 | physically enter its facility. This priority on 'getting through the door' recognizes
2 | that providing physical access to a facility from public sidewalks, public
3 | transportation, or parking is generally preferable to any alternative arrangements in
4 | terms of both business efficiency and the dignity of individuals with disabilities."
5 | ADA Title III Technical Assistance Manual §III-4.4500.

6 | 18.    When parking is provided, there must be at least one accessible
7 | parking space designated and marked for disabled persons. Where more than one
8 | parking facility is provided on a site, the number of accessible spaces provided on
9 | the site shall be calculated according to the number of spaces required for each
10 | parking facility. 2010 ADA §502 et seq.; 2010 ADA §208.2; 2022 CBC 11B-502
11 | et seq; 2022 CBC 11B-208.2.

12 | 19.    However, there is no accessible parking for disabled persons at the
13 | Subject Property because there are insufficient accessible parking spaces
14 | designated for disabled persons and/or the existing ostensibly designated space or
15 | spaces are significantly noncompliant with the applicable ADA and CBC
16 | standards.

17 | 20.    It appears there was once a designated accessible parking space and
18 | adjacent access aisle, but Defendants have failed to maintain the paint and it is now
19 | so badly deteriorated it cannot be clearly identified. There is no way to determine
20 | the actual dimensions of the space and whether the adjacent loading and unloading
21 | access aisle is the correct width for an accessible space. The International Access
22 | Symbol was so deteriorated it cannot be clearly identified. The "No Parking" was
23 | so deteriorated it cannot be clearly identified. ADA 2010 §502.3.3; ADA 2010
24 | §502.6; 2022 CBC 11B-502.3.3; 2022 CBC 11B 502.6; 28 C.F.R. §36.211(a);
25 | 2022 CBC 11B-108.

26 | 21.    The lot is so poorly maintained that Plaintiff regularly encounters
27 | vehicles without disabled placards or plates parking in the ostensibly painted
28 | disabled stall or blocking the stall rendering the stalls useless to persons using a

wheelchair such as Plaintiff. In fact, this repeated pattern was confirmed and photographed by our investigator on May 25, 2025, when he inspected the property.

22.    The ostensibly designated accessible parking space's adjacent access aisle did not say "No Parking," or the paint is so deteriorated it cannot be clearly identified. ADA 2010 §502.3.3; 2022 CBC 11B-502.3.3; 28 C.F.R. §36.211(a); 2022 CBC 11B-108.

23.    The ground surface of the ostensibly designated accessible parking spaces and their access aisles was severely cracked, broken and uneven. ADA 2010 §302; 2022 CBC 11B-302; 28 C.F.R. §36.211(a); 2022 CBC 11B-108.

24.    There is no ADA compliant parking signage. ADA 2010 §502.6; 2022 CBC 11B-502.6, 2022 CBC 11B-703.7.2.1.

25.    There is no sign in a conspicuous place at the entrance to the facility, or immediately adjacent to on-site accessible parking and visible from each parking space, stating that vehicles parked in designated accessible spaces not displaying a disabled placard or license plate will be towed. 2022 CBC 11B-502.8.

26.    There is no accessible route from the parking area to the entrance of the store and to the outdoor seating area. The existing path of travel is severely cracked, broken, pitted, and uneven. There was once a yellow truncated dome mat which has been removed, creating an uneven ground surface and a sudden height change greater than .5 inches at the threshold between where truncated mat was, and the crosshatched walkway attached to the aisle. This places wheelchair users at risk of getting stuck or tipping over. 2010 ADA §206; 2010 ADA §302; 2010 ADA §303; 2010 ADA §403; 2010 ADA §404.2.5; 2022 CBC 11B-206; 2022 CBC 11B-302; 2022 CBC 11B-3032022 CBC 11B-403; 2022 CBC 11B-404.2.5

27.    None of the indoor or outdoor tables are accessible to a person in a wheelchair. Where dining surfaces are provided for the consumption of food and drink, at least 5% of those must be accessible. There must be minimum dimensions

1  for the clearance under an accessible dining table so that the legs and toes of a

2  person in a wheelchair can fit under the table. In particular, the required depth for

3  toe clearance under an accessible table is a minimum of 17 inches. The tables

4  provided by Defendants have bases which reduce the clearance to well below the

5  17 inches required.  2010 ADA §226.1; §306.2.3; §902; 2022 CBC 11B-226.1;

6  11B-306.2.3; 11B-902.

7       28.    At the entrance to the market there is an unsecured mat which creates

8  an access barrier and a safety hazard for persons using a wheelchair such as

9  Plaintiff.  2010 ADA §302.2; 2022 CBC 11B-302.2.

10      29.    The photos below show one or more of these violations.












1    30.    The barriers existed during Plaintiff's visit to the Subject Property.
2    Plaintiff personally encountered these barriers.

3    31.    These inaccessible conditions and barriers denied Plaintiff full and
4    equal access and caused him difficulty, discomfort, and embarrassment. Because of
5    the lack of compliant parking and a compliant access aisle, Plaintiff was placed at
6    risk of being blocked in by other vehicles and unable to get out of his vehicle or get
7    back into it. He was also at greater risk of being hit by a car while transferring to
8    and from his wheelchair. Because of the severely cracked and broken ground
9    surface and lack of an accessible route, Plaintiff had more difficulty traversing the
10   ground and was at risk of getting stuck in his wheelchair or tipping over on his way
11   to and from the entrance of the store. Because of the lack of compliant tables,
12   Plaintiff did not feel properly seated at the table as other patrons would, was not
13   able to comfortably reach his meal, and was at risk of dropping or spilling food
14   onto his lap as he ate.

15   32.    These barriers denied Plaintiff full and equal access due to his
16   disability because, *inter alia*, they caused Plaintiff anxiety, difficulty, discomfort,
17   and embarrassment which patrons who do not use a wheelchair for mobility do not
18   suffer when they access the Subject Property.

19   33.    Plaintiff has Article III standing because he visits the subject property
20   regularly to do his grocery shopping. The Subject Property is a specialty market,
21   and even though it is a drive from his home, there are not many markets like this
22   available in the community. People drive from all over to visit this particular
23   grocery store. Plaintiff intends to return to the Subject Property in the near future to
24   purchase more groceries and perhaps enjoy a meal, after the accessibility barriers
25   alleged herein have been removed.

26   34.    Plaintiff alleges that Defendants knew that the barriers prevented
27   equal access. Plaintiff further alleges that Defendants had actual or constructive
28   knowledge that the architectural barriers prevented equal access, and that the

1    noncompliance with the Americans with Disabilities Act and Title 24 of the

2    California Building Code regarding accessible features was intentional.

3        35.    Defendants have obstructed or failed to maintain, in working and

4    useable conditions, those features necessary to provide ready access to persons

5    with disabilities. "A public accommodation shall maintain in operable working

6    condition those features of facilities and equipment that are required to be readily

7    accessible to and usable by persons with disabilities." 28 C.F.R. §36.211(a); 2022

8    CBC 11B-108.

9        36.    The State of California Department of General Servicers, Division of

10   the State Architect (DSA) provides commentary to 2022 CBC 11B-108 as follows:

11          Features for accessibility must be permanently functional, unobstructed
            and may not be removed.  It is not sufficient to provide features such as
12          accessible routes, parking, elevators, ramps or signage if those features
            are not maintained in a manner that enables individuals with disabilities
13          to use them.
14
15   DSA, 2019 California Access Compliance Advisory Reference Manual, p.84.

16       37.    Defendants have the financial resources to remove these barriers

17   without much expense or difficulty in order to make their property more accessible

18   to their mobility impaired customers. The United States Department of Justice has

19   identified that these types of barriers are readily achievable to remove.

20       38.    To date, Defendants refuse to remove these barriers, in violation of

21   the law, willfully depriving disabled persons including Plaintiff of important civil

22   rights.

23       39.    On information and belief, Plaintiff alleges that the Defendants'

24   failure to remove these barriers was intentional because the barriers are logical and

25   obvious. During all relevant times Defendants had authority, control, and dominion

26   over these conditions and therefore the absence of accessible facilities was not a

27   mishap, but rather an intentional act.

28

40.    The barriers to access are listed above without prejudice to Plaintiff citing additional barriers to equal access by an amended complaint after inspection by Plaintiff's Certified Access Specialist (CASp). *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, are barriers Plaintiff may encounter when he returns to the premises. All public accommodations must be brought into compliance with all applicable federal and state accessibility requirements.

## FIRST CAUSE OF ACTION

Violation of the Americans With Disabilities Act of 1990

(42 U.S.C. §12101, *et seq.*)

(Against All Defendants)

41.    Plaintiff alleges and incorporates by reference, as if fully set forth again herein, each and every allegation contained in all prior paragraphs of this complaint.

42.    More than thirty years ago, the 101st United States Congress found that although "physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination…in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services." 42 U.S.C. §12101(a).

43.    In 1990 Congress also found that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals," but that "the continuing existence of unfair and unnecessary discrimination and prejudice

denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. §12101(a).

44.    In passing the Americans with Disabilities Act of 1990, which was signed into law by President George H. W. Bush on July 26, 1990 (hereinafter the "ADA"), Congress stated as its purpose:

"It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day to-day by people with disabilities."

42 USC §12101(b).

45.    As part of the ADA, Congress passed "Title III – Public Accommodations and Services Operated by Private Entities" (42 U.S.C. §12181 *et seq*.). Title III of the ADA prohibits discrimination against any person "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182(a).

46.    The specific prohibitions against discrimination include, *inter alia*, the following:

- 42 U.S.C. §12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

- 42 U.S.C. §12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

- 42 U.S.C. §12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

- 42 U.S.C. §12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

- 42 U.S.C. §12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

47.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

48.    The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq.*

49.    The removal of each of the physical and policy barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of §12181 and §12182 of the ADA.  Removal of

each and every one of the architectural and/or policy barriers complained of herein was already required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per §12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per §12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

50.    On information and belief, as of the date of Plaintiff's encounter at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. §12182 and §12183 of the ADA.

51.    Defendants' actions continue to deny Plaintiff's rights to full and equal access and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of the ADA, 42 U.S.C. §12182.

52.    Further, each and every violation of the Americans With Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code §51(f), §52, §54(c) and §54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §54.3 and §55.

## SECOND CAUSE OF ACTION

Violation of the Unruh Civil Rights Act

(California Civil Code §51, *et seq.*)

(Against All Defendants)

53.    Plaintiff alleges and incorporates by reference, as if fully set forth again herein, each and every allegation contained in all prior paragraphs of this complaint.

54.    California Civil Code §51 provides that physically disabled persons are free and equal citizens of the state, regardless of their medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, **disability, or medical condition** are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

California Civil Code §51(b) (emphasis added).

55.    California Civil Code §51.5 also states, in part: "No business, establishment of any kind whatsoever shall discriminate against…any person in this state on account" of their disability.

56.    California Civil Code §51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

57.    California Civil Code §52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general antidiscrimination provisions of §51 and §52.

58.    Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code §52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum

of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

59.     Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code §51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code §52.  Per Civil Code §51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

60.     The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §51 and §52.

61.     The discriminatory denial of equal access to and use of the described public facilities caused Plaintiff difficulty, discomfort, and embarrassment.

62.     As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code §51 and §52, and are responsible for statutory, compensatory and actual damages to Plaintiff, according to proof.

## PRAYER FOR RELIEF

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California.

1  The need for relief is critical because the civil rights at issue are paramount

2  under the laws of the United States of America and the State of California.

3  WHEREFORE, Plaintiff prays judgment against Defendants, and each of

4  them, as follows:

5  1.     Issue a preliminary and permanent injunction directing

6  Defendants as current owners, operators, lessors, and/or lessees of the

7  Subject Property and premises to modify the above described property,

8  premises, policies and related facilities to provide full and equal access

9  to all persons, including persons with physical disabilities; and issue a

10  preliminary and permanent injunction pursuant to ADA §12188(a) and

11  state law directing Defendants to provide facilities and services usable

12  by Plaintiff and similarly situated persons with disabilities, and which

13  provide full and equal access, as required by law, and to maintain such

14  accessible facilities once they are provided; to cease any discriminatory

15  policies; and to train Defendants' employees and agents how to

16  recognize disabled persons and accommodate their rights and needs;

17  2.     Retain jurisdiction over the Defendants until such time as

18  the Court is satisfied that Defendants' unlawful policies, practices, acts

19  and omissions, and maintenance of physically inaccessible public

20  facilities and policies as complained of herein no longer occur, and

21  cannot recur;

22  3.     Award to Plaintiff all appropriate damages, including but

23  not limited to actual and statutory damages according to proof;

24  4.     Award to Plaintiff all reasonable attorney fees, litigation

25  expenses, and costs of this proceeding pursuant to 42 U.S.C §12205 and

26  California Civil Code §52; and

27  5.     Grant such other and further relief as this Court may deem

28  just and proper.

1

2   DATED: July 18, 2025               **VALENTI LAW APC**

3

4                                  By:   */s/ Matthew D. Valenti*

5                                        Matthew D. Valenti

6                                        Attorney for Plaintiff
                                         Ahmed Al-kubaisi

7

8

9

10                          **JURY DEMAND**

11

12       Plaintiff hereby demands a trial by jury for all claims and issues for which a

13  jury is permitted.

14

15

16  DATED: July 18, 2025               **VALENTI LAW APC**

17

18                                 By:   */s/ Matthew D. Valenti*

19                                       Matthew D. Valenti

20                                       Attorney for Plaintiff
                                         Ahmed Al-Kubaisi

21

22

23

24

25

26

27

28